# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RAYSHON WATLEY,                                  Case No. 1:06-cv-794
      Plaintiff

      vs

TERRY COLLINS, et al.,                           **ORDER**
      Defendants                       (Spiegel, J.)


Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action against Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction (ODRC); Steven Huffman, the South Region Director of the ODRC; Debbie Hughes, the Chief of Mental Health Services for the ODRC; Gary Croft, the Chief Inspector of the ODRC; Kay Northrup, Chief Medical Director of the ODRC; Edwin Voorhies, the Warden of SOCF; and two other SOCF employees.  This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. (Doc. 1).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress.  In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Watley is prevented from filing this civil action *in forma pauperis* because he has had three cases dismissed for failure to state a claim upon which relief may be granted.  *See*

*Watley v. Mitchell,* Case No. 2:99-cv-1215 (S.D. Ohio Nov. 10, 1999)(Smith, J.)(Doc. 4); *Watley v. Goodman*, Case No. 1:01-cv-501 (S.D. Ohio July 24, 2001)(Beckwith, J.)(Doc. 4); *Watley v. Wilkinson*, Case No. 2:02-cv-479 (S.D. Ohio July 16, 2002)(Smith, J.)(Doc. 8). In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g). Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in district court, not at the time of the alleged incident, to qualify for the exception to the three strike provision of § 1915(g). *See Malik v. McGinnis,* 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury. Plaintiff complains about the conditions of his confinement in the J-1 Unit of SOCF. He alleges that he is mentally ill. He states that when a mentally ill inmate misbehaves in Level 4B, he is classified as "Local Control" and placed in J-1 in restrictive isolation. He alleges that SOCF maintains a Residential Treatment Unit for Level 4B inmates. Plaintiff alleges he is being held under "supermax" conditions in J-1 because seriously mentally ill inmates are prohibited from being housed at the Ohio State Penitentiary. He states that the conditions of his confinement aggravate his mental illness and therefore his misbehavior. He states he has attempted suicide and has had his hand cut by officers when he refused to put his hands in the cuffport. He alleges his erratic behavior, *e.g.,* screaming and

2

beating on the walls at all hours of the night, irritates the other inmates and leads to confrontations.  He states that as a result of his misbehavior, other inmates have thrown urine and feces around him, subjecting him to sickness and disease.  He complains that officers have used mace on him making it hard for him to breath.  He also complains that inmates will on occasion flood their cells with raw sewage which seeps into his cell.  He claims that the mess is cleaned up with a wet vac, but then emptied into the showers without the showers being disinfected.  He alleges he is locked down for 23 hours per day, and has no access to a television, radio, magazines, or newspaper.  He alleges that J-1 inmates are not permitted to be around other inmates when going to or returning from recreation.  He states that while J-1 Local Control has "programming" it "is hardly ever used." He states that J-1 has no emergency call buttons or fire sprinkler system.  He states the ventilation system in the shower area is inadequate, causing excessive fog and a moist atmosphere making it difficult to breath.  Plaintiff seeks monetary, declaratory and injunctive relief.

The Court finds that plaintiff has failed to allege facts indicating he is in any imminent danger of serious physical harm arising from the conditions of his confinement.   Many of his claims concern past events that cannot support a claim of imminent physical danger.  While plaintiff alleges suffering from minor discomforts and unpleasant conditions, he has failed to allege particular facts showing that such conditions expose him to immediate danger of future serious physical injury.  Thus, he fails to demonstrate that he is in imminent danger of physical harm related to any of his claims and does not meet the exception to section 1915(g).  Therefore, plaintiff may not proceed *in forma pauperis* in this matter and his application to proceed *in forma pauperis* is **DENIED**.

In any event, plaintiff's complaint is subject to dismissal because he has failed to exhaust

3

his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).
While plaintiff attaches a copy of a letter indicating he appealed the initial decision to place him
in Local Control (Complaint, attachment), he has not complained about the particular conditions
of the Local Control Unit through the prison grievance procedure set forth in Ohio Admin. Code
§ 5120-9-31.

Prisoners who file lawsuits in this Court challenging the conditions of their confinement
pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state
administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525
U.S. 833 (1998). "The prisoner bears the burden of demonstrating that he administratively
exhausted his claim, either by attaching documentation of the relevant administrative decisions
or by detailing the process followed and the outcome in the complaint." *Owens v. Keeling*, 461
F.3d 763, 768 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000),
*cert. denied*, 531 U.S. 1040 (2000)). "In the absence of particularized averments concerning
exhaustion showing the nature of the administrative proceeding and its outcome, the action must
be dismissed under § 1997e." *Knuckles*, 215 F.3d at 642. The grievance must identify each
defendant eventually sued and must contain facts concerning the alleged mistreatment or
misconduct by that defendant so as to give the defendant fair notice of the basis of the prisoner's
constitutional claims. *Bell v. Konteh,* 450 F.3d 651, 653 (6th Cir. 2006); *Spencer v. Bouchard*,
449 F.3d 721, 726 (6th Cir. 2006); *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001). Section
1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and,
therefore, he cannot exhaust these remedies during the pendency of the action. *Freeman v.
Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Federal courts should not prematurely adjudicate the
merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139

4

F.3d at 1104.  Thus, even if plaintiff were granted permission to file *in forma pauperis* in this matter, his complaint would nevertheless be dismissed.

In sum, plaintiff's motion to proceed *in forma pauperis* is hereby **DENIED** under 28 U.S.C. § 1915(g).  Plaintiff is assessed the full filing fee of $350.00.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  *See also See In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).  The Court hereby **DISMISSES** plaintiff's complaint without prejudice for his failure to exhaust his administrative remedies.

**THE CLERK OF COURT IS DIRECTED** to mail a copy of this Order to the cashier of the Southern Ohio Correctional Facility in Lucasville, Ohio.  The prison's cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.  The Clerk of Court is **DIRECTED** to issue a copy of this Order and the attached instructions, which are incorporated herein, to plaintiff and the prison cashier's office.

The Clerk of Court is further **DIRECTED** to file the complaint, plaintiff's motion to waive strict compliance, and this Order on the docket of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore*, 114 F.3d 601.

**IT IS SO ORDERED.**


Date: <u>November 28, 2006</u>          <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel, Senior Judge
                                        United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

### INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE

The prisoner shown as the plaintiff on the attached order owes the court a fee.  Pursuant to

28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the fee is to be

paid as follows:

> The prison cashier shall forward to the Clerk of Court located in Cincinnati, Ohio
> monthly payments of twenty percent (20%) of the preceding month's income
> credited to the prisoner's account each time the amount in the account exceeds ten
> dollars ($10.00) until the full fee of three hundred and fifty dollars ($350.00) has
> been paid to the Clerk of the Court. Payments should be forwarded to the address
> below.

If the prisoner has filed more than one case, he is required to pay a fee in each case.  The prison

cashier's office shall make the monthly calculations and payments for each case in which it

receives an order granting *in forma pauperis* status or otherwise ordering the collection of the full

filing fee.

***The prisoner's name and case number <u>must</u> be noted on each remittance.***

Checks are to be made payable to:  **Clerk, U.S. District Court**.

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **103 Potter Stewart United States Courthouse**
> **100 East 5th Street**
> **Cincinnati, Ohio  45202**

6